

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JOHN SANCHEZ,                          §
                                       §
          Plaintiff.                   §
                                       §
vs.                                    §      No. __EP 10CV0362__
                                       §
RISK ENTERPRISE MANAGEMENT             §
LIMITED and ACE AMERICAN               §
INSURANCE COMPANY,                     §
                                       §
          Defendants.                  §

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE**:

          **COME NOW RISK ENTERPRISE MANAGEMENT LIMITED** (hereinafter

"RISK**")** and **ACE AMERICAN INSURANCE COMPANY** (hereinafter "ACE"), Defendants,

and present the following as their Notice of Removal pursuant to 28 U.S.C. §§ 1331 and 1441,

stating in support as follows:

### Introduction and Background

          1.     On August 13, 2010, Plaintiff filed an Original Petition in the County Court at

Law No. Three of El Paso County, Texas styled *John Sanchez v. Risk Enterprise Management*

*Limited and Ace American Insurance Company*, Cause No. 2010-3049.  Both RISK and ACE

were served with Plaintiff's Original Petition on September 2, 2010.  Therefore, this notice is

properly filed within the thirty (30) day period for the filing of a Notice of Removal pursuant to

28 U.S.C. § 1446(b).

### Diversity Jurisdiction

          2.     This Court has diversity jurisdiction over the above-entitled action pursuant to 28

U.S.C. § 1332 and the action may be removed by this Court pursuant to 28 U.S.C. § 1441(b).

John Sanchez is a citizen of the State of Texas. Risk Enterprise Management Limited is a Delaware company with its principal place of business in the State of New Jersey. Ace American Insurance Company is a Pennsylvania corporation with its principal place of business in the State of Pennsylvania. The amount in controversy exceeds $75,000.00.

## Conclusion

3.    This notice is filed with the Court within thirty (30) days after the service of Plaintiff's Original Petition on Defendants and is thus timely filed under 28 U.S.C. § 1446(b).

4.    Attached hereto is a copy of all pleadings filed in the aforementioned state court action.

5.    Accordingly, removal of this action is proper pursuant to 28 U.S.C. § 1441(a).

**WHEREFORE, PREMISES CONSIDERED**, Defendants hereby give their Notice of Removal of this case to this Honorable Court.

Respectfully submitted,

Carl H. Green
State Bar No. 08347330
Bruce A. Koehler
State Bar No. 11649300
**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas 79950-1977
(915) 532-2000
Fax No. (915) 541-1597

By: _____
**Bruce A. Koehler**

Attorneys for Defendants

BKOE/1024570                                    2

## CERTIFICATE OF SERVICE

I, Bruce A. Koehler, certify on this the 20th day of September, 2010, a true and correct copy of the foregoing instrument was served via facsimile and U.S. Mail on attorney for Plaintiff, Raymond D. Martinez, Martinez and Martinez Law Firm, 1017 Montana Avenue, El Paso, Texas 79902 (Fax No. 541-1002).

**Bruce A. Koehler**

**SCANNED**

IN THE COUNTY COURT AT LAW NUMBER ___3___
EL PASO COUNTY TEXAS

IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS
___34___ JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOHN SANCHEZ, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| | § | |
| vs. | § | Cause No. 2010-3049 |
| | § | |
| RISK ENTERPRISE MANAGEMENT | § | |
| LIMITED and ACE AMERICAN | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOHN SANCHEZ, hereinafter called "Plaintiff" complaining of RISK ENTERPRISE MANAGEMENT LIMITED and ACE AMERICAN INSURANCE COMPANY, hereinafter called "Defendants", and for a cause of action would respectfully show the Court as follows:

### I.

Plaintiff is a resident of El Paso County, Texas.

Defendant RISK ENTERPRISE MANAGEMENT LIMITED is a duly licensed [REML IS FUNCTIONING AS A TPA - THIRD PARTY ADMINISTRATOR FOR ACE] company authorized to do business in the State of Texas and may be served with process by serving its registered agent for service CORPORATION SERVICE COMPANY c/b/a CSC-LAWYERS INCO or any authorized representative or agent therein at 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701 or wherever may be found.

Defendant ACE AMERICAN INSURANCE COMPANY is a duly licensed insurance

1

company authorized to do business in the State of Texas and may be served with process by serving

its registered agent for service C. T. CORPORATION SYSTEM or any authorized representative

or agent therein at 350 NORTH SAINT PAUL STREET, DALLAS, TX 75201 or by and through

its attorney of record.

## II.

Discovery will be conducted in Level III.

## III.

Plaintiff was injured on June 11, 2008 in the course of his.  Defendants  provided a policy

of insurance of which Plaintiff was a beneficiary and insured whereby Plaintiff would reserve

benefits of weekly compensation and medical benefits from Defendants.  Plaintiff made demand

upon Defendants for approval of medical benefits and treatments for which Defendants were

contractually obligated to provide and pay, but Defendants failed and refused to provide and pay for

such medical benefits and treatments, for which Defendants are liable.

## IV.

On or about May 27, 2009, a decision of the hearing officer for the Texas Workers'

Compensation Commission became final, such decision being that Plaintiff John Sanchez's

compensable injury sustained while working for his employer(s)on June 11, 2008 extended to and

included physical damage or harm to Plaintiff's body including but not limited to back and lumbar

spine.  Pursuant to this decision, the Texas Workers' Compensation Commission ordered the

Defendants RISK ENTERPRISE MANAGEMENT LIMITED and ACE AMERICAN INSURANCE

COMPANY [CHECK WHETHER USE OF "and" should be changed to "and/or" or "through"] pay

medical benefits in accordance with this decision, the Texas Workers' Compensation Act and the

Commission's rules.  Further, medical opinions related to Plaintiff provide that additional medical

attention is necessary and reasonable or anticipated.  Despite these final medical opinions and

decision regarding the nature and extent of Plaintiff John Sanchez's compensable injuries, and final

order that Defendants pay all medical benefits in accordance with the decision and the laws of the

state of Texas, Defendants refused to pay or provide for Plaintiff's reasonable and necessary medical

treatment arising from compensable injuries she sustained while working for his employer(s) as

required under the policy and under Texas law.   Defendants breached its contract of insurance and

refused to pay or provide for medical treatment and benefits, even though liability was reasonably

clear.  As a result of Defendant's denial of benefits and its delay and denial, separate and independent

of his on the job injuries, Plaintiff suffered a deteriorating medical condition, loss of wages, medical

bills, mental anguish, enhanced pain and suffering and damage to his credit and reputation, and

consequential and incidental damages.

## V.

Plaintiff would show that Defendant has engaged in unfair practices in the business of

insurance as defined by Article 21.21 et seq. of the Texas Insurance Code. Plaintiff would show that

the Defendant has engaged in one or more of the following ways;

1. Denying a claim without a reasonable basis for such
   denial, and/or  denying reasonable and necessary medical treatment for the
   Plaintiff without a reasonable basis for such denial.
2. Delaying payment of a claim without a reasonable basis for such delay.
3. Refusing to pay a claim without conducting a reasonable investigation based upon
   all available information.
4. Compelling beneficiaries and claimants covered by the policy of insurance to
   institute suits to recover amounts due under the policy by offering nothing or
   substantially less than the amounts ultimately recovered. (Article 21.21-2, Section
   2(e).
5. Failing to adopt and implement reasonable standards for prompt investigations of
   claims arising under its policies Articles 21.21-2 Section 2(c).

6.    Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonable clear.

7.    Engaging in unconscionable action.

8.    Terminating and/or canceling health care and medical treatments and benefits of Plaintiff.

9.    Other violations.

The conduct complained of was a producing cause of Plaintiff's damages. Plaintiff would further show the conduct of Defendant as described in this petition was committed knowingly and/or intentionally. Plaintiff is entitled to recover from Defendant an amount of damages within the limits of this Court, together with costs of Court and reasonable attorney's fees.

## VI.

Alternatively, and without waving the foregoing, Plaintiff would further show that Defendant has breached its covenant of good faith and fair dealing in the handling of Plaintiff's claim. Defendant has denied payment or delayed payment of the claim without reasonable justification, and has denied or delayed reasonable and necessary medical treatment to the Plaintiff without a reasonable justification. Further Defendant's actions have caused Plaintiff to be deprived of necessary care and treatment, causing the Plaintiff to suffer a deteriorating medical condition, enhanced pain and suffering, and enhanced mental anguish. Plaintiff is entitled to recover from Defendant his actual damages, attorneys' fees, costs of court, post and pre-judgment interest and punitive damages.

## VII.

Alternatively, and without waiving the foregoing, Plaintiff would further show that Defendant has refused and/or failed to comply with a final order or decision of the Texas Worker's Compensation Commission, in violation of section 410.208 of the Texas Labor Code. Plaintiff is entitled to a judgment enforcing the final order of the Texas Workers' Compensation Commission,

judgment for the amount of recoverable benefits, a penalty equal to 12 percent of the amount of benefits recovered in the judgment and interest, and reasonable attorney's fees for the prosecution and collection of the claim.

## VIII.

Defendant is liable for fraud and misrepresentation for Plaintiff's actual damages and punitive damages.

## IX.

Defendant is liable to Plaintiff for intentional infliction of emotional distress for his actual damages and punitive damages.

## X.

Defendant breached its contract with Plaintiff for which it is liable for Plaintiff's actual damages, attorney's fees and punitive damages.

## XI.

As a result of Defendant's wrongful conduct, Plaintiff suffered damages separate and independent of his on the job injuries. Plaintiff suffered a deteriorating medical condition and aggravation of a preexisting condition, past and future medical expenses, past and future pain and suffering, past and future mental anguish, physical disfigurement, physical impairment, past and future loss of earning capacity, loss of consortium, loss of household services, loss of wages, medical bills, mental anguish, enhanced pain and suffering, damage to his credit and reputation, and other consequential and incidental damages that resulted naturally but not necessarily from Defendant's wrongful conduct. Defendant actions or omissions were done knowingly and/or intentionally. Plaintiff is entitled to treble damages.

Plaintiff would show that the acts and omissions of Defendant were of such a nature as to justify the imposition of exemplary damages. Defendant's actions constitute malice and gross negligence. Plaintiff is entitled to exemplary damages to punish Defendant for its malice and grossly negligent and/or knowing and intentional conduct and to set an example for other that such conduct will not be tolerated.

## XII.

In order to prosecute his claim, Plaintiff hired the undersigned attorneys. Plaintiff is entitled to reasonable attorneys fees incurred in the prosecution and trial of this case.

## XIII.

Plaintiff respectfully requests a trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein and that upon final trial hereof, Plaintiff have judgment against Defendant for all relief requested, actual damages, punitive damages, treble damages, together with interest at the maximum rate permitted by law, for attorney's fees, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile

RAYMOND D. MARTINEZ
State Bar No. 24002537

6



IN THE COUNTY COURT AT LAW NUMBER 3
EL PASO COUNTY TEXAS

IN THE COUNTY CO.                    FILED
        EL PASO                 GILBERT SANCHEZ

| | | |
|---|---|---|
| JOHN SANCHEZ, | §<br>§ | |
|     Plaintiff, | §<br>§ | |
| vs. | §<br>§ | Cause No. 2010- 3049 |
| RISK ENTERPRISE MANAGEMENT<br>LIMITED and ACE AMERICAN<br>INSURANCE COMPANY, | §<br>§<br>§<br>§ | |
|     Defendants. | §<br>§ | |

## PLAINTIFF'S REQUEST FOR DISCLOSURE

TO:   RISK ENTERPRISE MANAGEMENT LIMITED and ACE AMERICAN INSURANCE COMPANY, by and through their respective attorneys of record.

COME NOW the Plaintiff herein and files this request for disclosure.  Pursuant to Tex. R. Civ. P. 194, you are requested to timely disclose the following:

(a)   The correct name of the parties to the lawsuit.

(b)   The name, address, and telephone number of any potential parties.

(c)   The legal theories and, in general, the factual bases of your claims and/or defenses.

(d)   The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

(e)   For any testifying expert:

    (1)   the expert's name, address and telephone number;

    (2)   the subject matter on which the expert will testify;

    (3)   the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by or otherwise subject to the control of the responding party, documents reflecting such information;

(4)     if the expert is retained by, employed by or otherwise subject to the control of the responding party;

       (A)     all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

       (B)     the expert's current resume and bibliography.

(f)     Any discoverable indemnity and insuring agreements, as defined by Tex. R. Civ. P. 192.3(f)

(g)     Any discoverable settlement agreements, as defined by Tex. R. Civ. P. 192.3(g)

(h)     Any discoverable witness statements, as defined by Tex. R. Civ. P. 192.3(h).

(i)     If this suit alleges physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.


Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile


**RAYMOND D. MARTINEZ**
State Bar No. 24002537

jsgW:\Sanchez, John\discovery\defendant\disclosure\1st-discl (All-Defendants).wpd

IN THE COUNTY COURT AT LAW NUMBER 3
EL PASO COUNTY TEXAS

JOHN SANCHEZ,                          §
                                       §
        Plaintiff,                     §
                                       §
vs.                                    §       Cause No. 2010- 3049
                                       §
RISK ENTERPRISE MANAGEMENT             §
LIMITED and ACE AMERICAN               §
INSURANCE COMPANY,                     §
                                       §
        Defendants.                    §

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

TO:   RISK ENTERPRISE MANAGEMENT LIMITED and ACE AMERICAN
      INSURANCE COMPANY

Pursuant to the Texas Rules of Civil Procedure, you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, and any other data, compilations...and any other tangible things which constitute or contain matters relevant to the subject matter herein." Rule 196 at the following location:

**SCHERR, LEGATE & EHRLICH, PLLC.**
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100

at the following time:

10:00 a.m.

**FIFTY ONE DAYS AFTER SERVICE.**

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

Further, all documents shall be produced "as they are kept in the usual course of business"

and shall be labeled "to correspond

with the categories in the request," as provided in Rule 196.

Further you are hereby requested to supplement this Request as mandated by Rule 196.  If

you fail to respond properly to this REQUEST or fail to supplement your response, Plaintiffs will

seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or

Suppress any such item not produced which you attempt to use at trial either as an exhibit or as

evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall

serve a written response which shall state, with respect to each item or category of items, that

inspection or other requested action will be permitted as requested, and that you shall thereafter

comply with the Request, except only to the extent that you made objections in writing as to

particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond

with the categories in the request.

Respectfully submitted,


**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile


**RAYMOND D. MARTINEZ**
State Bar No. 24002587

## ITEMS TO BE PRODUCED

1.    Defendants' complete claim files (including computer files) on Plaintiff's claims.

2.    Defendants' entire file (including computer file) on Plaintiff's third party case, if any.

3.    Defendants' complete claim file on Plaintiff's health care bills, including but not limited to any and all documents, notes, memoranda, or other materials relating to Plaintiff's bills, medical reports on file, the injury and physical condition.

4.    All documents justifying non-payment of any health care bills.

5.    All documents justifying your refusal to pay for or provided any and all requested medical treatment for the Plaintiff after June 11, 2008.

6.    The Texas Worker's Compensation Commission file on this claim.

7.    All notices of controversion filed with the Texas Workers Compensation Commission on this claim.

8.    Attorneys' correspondence, memorandums, notes of conversations on the third party claim.

9.    Financial net worth of the Defendants, RISK ENTERPRISE MANAGEMENT LIMITED and ACE AMERICAN INSURANCE COMPANY.

10.    Company manual for third party claims on Texas workers compensation claims.

11.    A copy of the workers compensation policy, declaration sheet, binder and application on this claim.

12.    Any written notice, legal opinion, bulletin, correspondence, or memorandum relating to the reason or reasons for denying or delaying payment for all medical treatment suggested and/or recommended by Plaintiff's treating doctor after June 11, 2008

13.    Your entire claim file pertaining to the dispute of Plaintiff's claims.

14.    Any reports, memorandum or notes reduced to writing, letters, writings, tapes, recordings, and any other tangible evidence relating to any issue in this case.

15.    Any chart, graph, photograph, reports, correspondence, communication, symbol, recording, tape, picture, document, agreement of other tangible evidence relevant to any issue in this case.

16.    Any photographs, drawings, sketches, video recordings, motion pictures, tapes, recordings, graphic depictions or other tangible evidence concerning the claim in this case, or the parties or witnesses to this case.

17.    All statements made by Plaintiff.

18.    All statements taken of any witness related to Plaintiff's claims for compensable injuries under the Texas Workers Compensation Act.

19.    All investigation reports, expert reports, adjuster notes, incident reports, statements by witnesses (oral or recorded) concerning the claim made the subject of this lawsuit.

20.    Your entire claim file on each claim wherein you denied, controverted or did not pay Texas Workers Compensation medical bills for the period 2005 to the present.

21. A   ll written materials, studies, numbers, reports, letters, estimates, policies or memorandum that show the savings or costs, benefits or detriments and risk of contesting, controverting or denying payment of medical bills under Texas Workers Compensation Claims.

22.    Defendants' policy manual(s) regarding worker's compensation claims/medical/health care handling procedures for years 2005 to the present.

23.    Complaint letters received by Defendants regarding claims handling of workers' compensation medical benefits claims between 2005 and present.

24.    Any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert.  If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

25.    For each claim, notice or incident involving denial of payment of healthcare provider bills in Texas, provide the following:

A.    Copy of all incident reports, accident reports and investigative files.

B.    Copies of all pleadings, judgments and settlements thereon.

C.    The entire claim file of the incident in question.

26.    All communications, letters, correspondence, tapes, documents, statements and other written communications sent to or made by or which involved Plaintiff.

27.    Itemization and checks showing payments on Plaintiff's health care bills.

28.    All correspondence, communications, computer records, email, cover notes, file notes and agreements with RANDSTAD INHOUSE SERVICES, L.P. that is in any way related to the Plaintiff's employment with RANDSTAD INHOUSE SERVICES, L.P. and/or the Plaintiff's claims for compensable injuries arising out of her employment.

29.    Any and all contracts entered between Defendants and RANDSTAD INHOUSE SERVICES, L.P. , and/or their affilated and/or subsidiary business entities.

IN THE COUNTY COURT AT LAW NUMBER ___3___
EL PASO COUNTY TEXAS

FILED
GILBERT SANCHEZ

NO FEB 13 PM 4 47

EL PASO COUNTY
BY _____

JOHN SANCHEZ, §
§
Plaintiff, §
§
vs. §
§ Cause No. 2010- 3040
§
RISK ENTERPRISE MANAGEMENT §
LIMITED and ACE AMERICAN §
INSURANCE COMPANY, §
§
Defendants. §

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:   RISK ENTERPRISE MANAGEMENT LIMITED and ACE AMERICAN
      INSURANCE COMPANY

You are hereby served with Interrogatories pursuant to the Texas Rules of Civil Procedure,

to be answered by you separately and fully in writing under oath. Your answers to these

interrogatories are to be preceded by the Interrogatory to which the answer pertains. The answers

are to be signed and verified by the persons making them. You are to serve your answers upon

Plaintiff thirty-one (31) days after you receive these interrogatories. If you object to answering these

Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiff in

writing within thirty-one (31) days after you receive these Interrogatories. You are advised it is not

a ground for objection that an interrogatory involves an opinion or contention that relates to fact or

application of law to fact. As to all those interrogatories or parts thereof to which you do not file

written objections, you are to answer them or the parts thereof within thirty-one (31) days from the

date you receive these interrogatories. You are hereby advised that an evasive or incomplete answer

is to be treated as a failure to answer. You are expected to supplement your answers in accordance

with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above

and in accordance with the Texas Rules of Civil Procedure, then Plaintiff will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile

_____
**RAYMOND D. MARTINEZ**
State Bar No. 24002537

jsg\W:\Sanchez, John\discovery\defendant\interrog\1st-int (BF)(Both Defendants).wpd

## INTERROGATORIES

1.    With regards to the each health provider bill of Plaintiff which you have contested or failed to pay within 30 days, please answer the following:

A.    The name of each health care provider.

B.    The date of each bill.

C.    The amount of each bill.

D.    The date Defendants received the bill and whether you date stamped it.

E.    When notice was sent to the health care provider, the Texas Workers Compensation Commission and the claimant in accordance with the board rules for controversion of that bill.

F.    Whether your Notice of Controversion for such bill bore the legend required by the Texas Workers Compensation Commission rules.

G.    Your reason for delay or denial of payment.

H.    The date such bill was sent to your consultant for review.

I.    The date of response of your consultant's opinion.

J.    The details of the response of your consultant and whether you disclosed same to the Texas Workers Compensation Commission, to the claimant and to the doctor.

K.    What investigation you made into your consultant's qualifications to evaluate this treating doctor's bill.

L.    Whether you followed your consultant's recommendations.

M.    The date you paid any portion of such bill and the amount paid thereon.

2.    State Defendants RISK ENTERPRISE MANAGEMENT LIMITED and ACE AMERICAN INSURANCE COMPANY's net worth.

3.    State with particularity every reason for your non-payment of benefits, and/or your refusal to authorize requested medical treatment of the Plaintiff, including all facts, law and information upon which you based your decision.

4.    State the name, address, phone number and employment positions of each person who participated in any way in the decision to not pay benefits or to refuse to authorize requested medical treatment.  Did any of these persons disagree with the decision to terminate benefits or refuse to authorize treatment?

5.    State the name, address, phone number, attorney and claim number and court number of each claim upon which suit has been filed for denial of coverage involving RISK ENTERPRISE MANAGEMENT LIMITED and/or ACE AMERICAN INSURANCE COMPANY.

6.    Describe the basis upon which you retained any person, consultant, auditor, firm or corporation to audit, review or deny this claim, the qualifications and experience of any consultants, auditors, or reviewing entities you hired and/or retained.  Include the reason for same, the fee arrangement, number of cases handled and total money savings recommended.

7.   Describe your investigation into such consultant's qualifications, decisions, recommendations or reports and your independent evaluation of such consultants' advice and recommendations, if any. Do you ever disregard your consultant's advice? If so, describe the reason therefore.

8.   Describe with particularity by stating the time, date and place made, and the person making them, any statements made by your representatives, agents or employees regarding the activities engaged in and described in your answers to Interrogatories herein.  State whether such statements have been reduced to written or recorded form and the name, address and phone number of the custodian of each.

9.   Describe with particularity all claims, notices, Texas Deceptive Trade Practices Act notices, Texas Insurance Code Notices, letters to or from any government entities, lawsuits, complaints, by any and all entities and persons which have been filed and/or made against you in Texas regarding denial and non-payment of workers' compensation claims and/or refusal to authorize requested medical treatment.

10.   Describe with particularity, including the findings thereof, any studies undertaken by you or any other person or entity or relied upon by you regarding review of medical charges, services or treatment.  State the name, address and phone number of the custodian of the studies.

11.   State with particularity the procedures you follow to comply with Workers Compensation Statutes and Board Rules  when investigating, denying, or otherwise controverting the workers' compensation claims which are submitted to you.

12.   Describe with particularity any manual, memorandum, teaching, training, policy, and procedure you have upon which you relied for this case.  Include the name, address and phone number of any teacher or instructor, date of classes, location of classes, text used and the name, address and phone number of the custodian of records therefore.

13.   State the names, addresses and phone numbers of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit and a summary of the facts known to each.

14.   State the name, address, phone number and qualifications of each expert, who has been retained or specially employed by you in anticipation of litigation and who is not expected to be called as a witness for trial upon whom your testifying expert or any witness reviewed or relied upon, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

15.   Describe in detail any liability insurance (or other insurance) covering or potentially covering any claims against you which Plaintiff has alleged in this suit, and state the dates such policy has been in force.

IN THE COUNTY COURT AT LAW NO. 3
EL PASO COUNTY, TEXAS

FILED
GILBERT SANCHEZ
DISTRICT CLERK

2010 SEP 13  AM 10: 28

EL PASO COUNTY, TEXAS

BY _____
DEPUTY

| | |
|---|---|
| JOHN SANCHEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § Cause No. 2010-3049 |
| | § |
| RISK ENTERPRISE MANAGEMENT | § |
| LIMITED and ACE AMERICAN | § |
| INSURANCE COMPANY, | § |
| | § |
| Defendants. | § |

## PLAINTIFF'S NOTICE OF SUBSTITUTION OF COUNSEL
## AND CHANGE OF ADDRESS

COMES NOW, Plaintiff and files their Notice of Substitution of Counsel and informs the
Court and opposing counsel of the following:

Plaintiff's counsel, Raymond D. Martinez, is now practicing at the office of Martinez &
Martinez Law Firm and will continue to be lead counsel on the instant lawsuit.  Accordingly
Plaintiff's counsel notifies the Court and all opposing parties of Plaintiff's counsel new contact
information is as follows:

Martinez & Martinez Law Firm
1017 Montana Avenue
El Paso, Texas 79902
Telephone: (915) 541-1000
Facsimile: (915) 541-1002
raymond@martinezlawyers.com

DATED: September 11, 2010

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM**
1017 Montana Avenue, 3rd Floor
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 facsimile

/s/
**RAYMOND D. MARTINEZ**
Texas Bar No. 24002537
Attorney-in-Charge for Plaintiff

IN THE COUNTY COURT AT LAW NO. THREE

EL PASO COUNTY, TEXAS

JOHN SANCHEZ,

      Plaintiff.

vs.

RISK ENTERPRISE MANAGEMENT
LIMITED and ACE AMERICAN
INSURANCE COMPANY,

      Defendants.

§
§
§
§
§
§
§
§
§
§
§

Cause No. 2010-3049

## DEFENDANTS' ORIGINAL ANSWER

## TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW RISK ENTERPRISE MANAGEMENT LIMITED and ACE AMERICAN

INSURANCE COMPANY, Defendants in the above-styled and numbered cause, and file this

their Original Answer to Plaintiff's Original Petition, and show the Court as follows:

### I.

### GENERAL DENIAL

Defendants enter a general denial response to Plaintiff's Original Petition as authorized

by Rule 92 of the Texas Rules of Civil Procedure, and demand strict proof of all of Plaintiff's

allegations by a preponderance of the evidence and/or by clear and convincing evidence as

required by the Constitution and laws of the State of Texas.

### II.

### RIGHT TO AMEND

Defendants reserve the right to amend this Answer.



## III.

## JURY TRIAL

Defendants request trial by jury.

> Respectfully submitted,
>
> Carl H. Green
> State Bar No. 08347330
> Bruce A. Koehler
> State Bar No. 11649300
> **MOUNCE, GREEN, MYERS,**
> **SAFI, PAXSON & GALATZAN**
> A Professional Corporation
> P. O. Box 1977
> El Paso, Texas  79950-1977
> Phone No. (915) 532-2000
> Fax No. (915) 541-1597
>
> By:_____
> **Bruce A. Koehler**
>
> Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Bruce A. Koehler, certify on this the 24th day of September, 2010, a true and correct copy of the foregoing instrument was served via facsimile and U.S. Mail on attorney for Plaintiff, Raymond D. Martinez, Martinez and Martinez Law Firm, 1017 Montana Avenue, El Paso, Texas  79902 (Fax No. 541-1002).

_____
**Bruce A. Koehler**

1024241.1/BAK

IN THE COUNTY COURT AT LAW NO. THREE

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| JOHN SANCHEZ, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| vs. | § | Cause No. 2010-3049 |
| | § | |
| RISK ENTERPRISE MANAGEMENT | § | |
| LIMITED and ACE AMERICAN | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL OF STATE COURT ACTION

**TO:    District Clerk of El Paso County, Texas for the County Court at Law No. Three**

You are hereby notified that on the 30th day of September, 2010, a Notice of Removal of

Civil Action, a true and correct copy of which is attached, was filed in the United States District

Court for the Western District of Texas, El Paso Division. The Notice of Removal was filed in

reference to Cause No. 2010-3049, *John Sanchez v. Risk Enterprise Management Limited and*

*Ace American Insurance Company*, pending in the County Court at Law No. Three of El Paso

County, Texas.

Dated: September 30, 2010.

Respectfully submitted,

Carl H. Green
State Bar No. 08347330
Bruce A. Koehler
State Bar No. 11649300
**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas  79950-1977
(915) 532-2000
Fax No. (915) 541-1597

By: _____
        Bruce A. Koehler

Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I, Bruce A. Koehler, certify on this the ___ day of _____, 2010, a true and correct copy of the foregoing instrument was served via facsimile and U.S. Mail on attorney for Plaintiff, Raymond D. Martinez, Martinez and Martinez Law Firm, 1017 Montana Avenue, El Paso, Texas  79902 (Fax No. 541-1002).

_____
        Bruce A. Koehler